UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>FIESTA RANCHERA OF ILLINOIS, INC., a corporation d/b/a FIESTA RANCHERA RESTAURANTE MEXICANO and JUAN CANCHOLA, an Individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION<br>)<br>) File No. 1:06-cv-1322<br>)<br>)<br>) District Judge Mihm<br>)<br>) Magistrate Judge Gorman<br>) |

## AGREED ORDER ON INADVERTENT
## DISCLOSURE OF WORK PRODUCT OR PRIVILEGED INFORMATION

The Court ordered the parties to discuss and include in their Discovery Plan and Rule 16 Scheduling Conference submission provisions addressing the issue of the inadvertent disclosure of work product or privileged information during the course of the parties' litigation in this matter. Upon consideration of the parties' statements and agreement and for good cause it is Ordered that:

1. In view of the potential volume of documents subject to discovery in this case, it is possible that a party responding to discovery may inadvertently produce or send to an opposing party a document for which a claim of privilege, work product protection or other restriction on discovery or disclosure should have been asserted as to the entire document or to some portion of the document.

2. Such a production or delivery shall not constitute the voluntary disclosure of such document or waive any privilege, work product protection or other restriction on disclosure the responding party may be entitled to assert with respect to such document or

any portion of such document or to any other similar document and the parties agree not to argue waiver as to such documents due to such production or delivery in this case; provided, however, that the responding party notifies the receiving party or parties within thirty (30) days following the discovery that a privileged, work product protected or otherwise restricted document or portion of a document was inadvertently produced or sent. The notification requirements shall apply also in any instance when the receiving party has identified that a privileged, work product protected or otherwise restricted document or portion of a document was inadvertently produced or sent and shall notify the responding party immediately that such document has been received.

3.  The inadvertent furnishing of privileged, work product protected or otherwise restricted material shall not waive any privilege, work product protection or other restrictions on disclosure with respect to any other document or portion thereof, including any document or portion thereof that contains the same subject matter as the privileged, work product protected or otherwise restricted material, including but not limited to any other documents that may also have been inadvertently produced but about which the notifying counsel is unaware at the time of the notice.

4.  The notice required in paragraph (2) above shall be in writing, shall be served upon all counsel, and shall contain information sufficient to identify: (1) the document, including its format, and other information as necessary to locate the materials produced; and (2) the privilege, protection or other restriction on disclosure asserted.

5.  Upon receipt of the notice set forth in paragraph 2 above, the receiving party shall within ten (10) business days return all copies of the document to the sending party, or shall destroy and certify the destruction of all such copies in writing as well as

destroy and certify the destruction or deletion from all word-processing or database tape or disk of all notes, memoranda, or other documents prepared by the receiving party after the receiving party reviewed such document(s) that summarize, discuss, or quite the document(s), if any such notes or work product exist; provided, however, that the receiving party shall not be required to return or destroy any CD-ROM or other form of electronic production containing both inadvertently-produced privileged documents and non-privileged documents, until the sending party has provided a CD-ROM or other form of electronic production containing all such non-privileged documents.

6.     These provisions do not govern the adjudication of disputes concerning the applicability of privileges, work product protections and other restrictions on disclosure to materials produced in this case. Rather, these provisions govern the procedures by which a producing party may request the return of documents that contain privileged and otherwise restricted material that have been inadvertently furnished to the opposing party.

7.     This Order may be modified by any party upon motion for good cause shown.

Ordered this 23rd day of May, 2007

s/ John A. Gorman
**JOHN A. GORMAN**, Magistrate Judge,
United States District Court,
Central District of Illinois, Peoria Division